**United States Bankruptcy Court**
**Western District of Kentucky**

IN RE:                                                                                             Case No. _____
**Paez, Isain & Paez, Maria H**                                                    Chapter **13** _____
                             Debtor(s)

## CHAPTER 13 PLAN

[X] Original  [ ] Amended  Date: **July 17, 2015**.

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

### 1. PAYMENT AND LENGTH OF PLAN

(a) Debtor shall pay $ **250.00** per **month** to the Chapter 13 Trustee starting _____ for approximately **60** months.
   [X] Debtor will pay directly to the trustee
   [ ] A payroll deduction order will issue to the Debtor's employer:

(b) Joint Debtor shall pay $ **250.00** per **month** to the Chapter 13 Trustee starting _____ for approximately **60** months.
   [X] Joint Debtor will pay directly to the trustee
   [ ] A payroll deduction order will issue to the Joint Debtor's employer:

(c) Other payments to trustee: _____

(d) Total amount to be paid to Trustee shall be not less than $ **30,000.00**.

### 2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)
All allowed priority claims will be paid in full unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Internal Revenue Service** | Taxes | **1,300.00** |
| **Spalding Law Office** | Attorney fee | **3,000.00** |

### 3. SECURED CLAIMS: MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. § 506
(a) Debtor moves to value collateral as indicated in the "value" column immediately below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor with "NO VALUE" specified below.

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

(b) Debtor surrenders or abandons the following collateral. Upon confirmation, the stay is lifted as to surrendered or abandoned collateral.

| Creditor | Collateral to be Surrendered or Abandoned |
|---|---|
| **None** | |

### 4. UNSECURED CLAIMS
(a) **Not Separately Classified**. Allowed non-priority unsecured claims shall be paid:
   [ ] Not less than $ _____ to be distributed pro rata.
   [X] Not less than **54.46** percent.
   [ ] Other: _____.

(b) **Separately Classified Unsecured Claims**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| **None** | | | |

**5. CURING DEFAULT AND MAINTAINING PAYMENTS**
(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay regular postpetition contract payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| None | | | | | |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay regular postpetition contract payments directly to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| None | | | | | |

**6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor | Property Description | Assume/Reject |
|---|---|---|
| None | | |

**7. OTHER PLAN PROVISIONS AND MOTIONS**
  (a) <u>Motion to Avoid Liens under 11 U.S.C. § 522(f)</u>. Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|
| None | | |

  (b) <u>Lien Retention</u>. Except as provided above in Section 5, allowed secured claim holders retain liens until:
   [ ] Liens are released at discharge.
   [X] Liens are released upon payment of allowed secured claim as provided above in Section 3.
   [ ] Liens are released upon completion of all payments under the plan.

  (c) <u>Vesting of Property of the Estate</u>. Property of the estate shall revest in Debtor:
   [X] Upon confirmation
   [ ] Upon discharge
   [ ] Other: _____.

  (d) <u>Payment Notices</u>. Creditors and lessors provided for above in Sections 5 or 6 may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

  (e) <u>Order of Distribution</u>. Trustee shall pay allowed claims in the following order:
   **Trustee Commissions**
   **Other Administrative Claims**
   **Priority Claims**
   **Secured Claims**
   **General Unsecured Claims**

(f) The following secured creditors are to be paid directly by the Debtor(s):

**Republic Bank**

(g) Secured creditors listed in the Chapter 13 Plan as being paid directly outside the Plan are authorized and should continue sending monthly invoices to Debtor.

(h) Upon terminating the automatic stay as to any creditor, no distributions shall be made to that Creditor until such time as a timely claim for any deficiency is filed and allowed.  Any allowed claim for a deficiency shall be treated as a general unsecured claim.  Deficiency Proof of Claim(s): Following the Allowance of a deficiency claim (See Local Rule 3001-1(c)(2)), and if a Supplemental Schedule of Allowed Claims is not timely filed by the Debtor(s)' counsel, the claimant Creditor shall have 60-days, following the Allowance of its claim, in which to file a Supplemental Schedule of Allowed Claim(s).  If no Supplemental Schedule of Allowed Claim(s) is filed by the Creditor, the deficiency claim is barred and shall not be paid by the Debtor(s) or his/her/this Chapter 13 proceeding and shall be Discharged by this Chapter 13 proceeding.

(i) The Lien of a creditor holding a Judicial Lien or non-possessory non-purchase money security interest encumbering property of any kind specified in 11 USC 522(f)(2)(A), (B), or (C) shall be avoided, unless creditor files a timely objection to confirmation of the Plan and the Court, after hearing the objection, finds Debtor may not avoid the Lien or non-purchase money security interest  of creditor under 11 USC 522(f).  Upon confirmation of the Plan, the property encumbered by the Lien or non-purchase money security interest of creditor shall vest in Debtor free and clear of any claim or interest of creditor as provided by 11 USC 1327 and the claim of a creditor who files may be allowed as an unsecured claim and paid equally with other allowed unsecured claims.

(j) The value of a secured creditor(s)' collateral may increase or decrease based upon the Appraisal provided by the Court's

Appraiser.

(k) The Trustee is authorized to extend the duration of the Plan as necessary to pay allowed expenses and claims as provided in the Plan.

(l) Secured creditor(s) being paid inside the Plan are to receive a adequate protection payment of no less than 1% of the value of the collateral.

(m) Postpetition Mortgage Payments.  Payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credit to the debtors' mortgage account as if the account were current and no prepetition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law.  Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

(n) Postpetition Mortgage Payment Changes. Holders and/or servicers of mortgage claims shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable rate mortgage. Holders and/or servicers shall timely notify the debtors, debtors' attorney and trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

(o) Prepetition Mortgage Arrearages. Payments disbursed by the trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the prepetition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim and authorized by the note and security agreement and applicable nonbankruptcy law.

Dated: **July 17, 2015**

**/s/ Stewart R. Spalding**
Signature of Attorney

**/s/ Isain  Paez**
Signature of Debtor

**/s/ Maria H Paez**
Signature of Spouse (if applicable)